IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| STEVEN T. CORBIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:15cv473-MHT |
| | ) | (WO) |
| DEPARTMENT OF VETERANS AFFAIRS, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

ORDER

Petitioner Steven T. Corbin, proceeding *pro se*, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 relating to his involuntary civil commitment by order of the Jefferson County probate court "issued by VA." Upon consideration of the petition and its exhibits, the court concludes that venue is improper in this district and that, accordingly, this action will be transferred, pursuant to 28 U.S.C. § 1406(a), to the Northern District of

Alabama.

Petitioner claims that the VA had him admitted without his consent to Hill Crest Behavioral Health Center, where he was held illegally for six days, from May 6 through May 13, 2015, in violation of his due process rights and Alabama law.  See Complaint (doc. no. 1), pp. 1-8.  He asks that the court find respondents "liable for defamation of character and injury suffered by petitioner," and enjoin the "State of Alabama to vacate all charges from a confidential medical record."  Id., p. 9 at ¶ 15.  Petitioner further claims that the VA wrongfully denied his claim for service-connected disability and that Hill Crest failed to comply with Alabama law and committed medical malpractice during his admission to the facility.  See Attachment to Complaint (doc. no. 1-1); see also Motion to Amend Petition (doc. no. 2)).

Petitioner resides in Sylacauga, Alabama, within the Northern District of Alabama.  He alleges that the

Jefferson County probate court ordered his commitment and, after he was detained by officers at the VA Medical Center in Birmingham, he was admitted to Hill Crest, also in Birmingham, where he remained until his discharge six days later.[1] See Complaint (doc. no. 1) (style includes petitioner's street address in Sylacauga); id. (¶¶ 2-4, 10(c); Attachment to Complaint (doc. no. 1-1); 28 U.S.C. § 81(a)(3), (4) (designating which counties lie in the Northern District). Venue would not lie in this district for petitioner's habeas petition, even if the court were to construe it to assert constitutional or state-law tort claims against the VA or to seek review of a VA disability benefit determination.[2]  See 28 U.S.C. §§ 2241(d) (habeas

---

   1. Petitioner refers to the VA Medical Center as "UAB." See, e.g., Attachment to Complaint (doc. no. 1-1), p. 1 (alleging that the VA referred petitioner "to the VA Medical Center in Birmingham (UAB) for a standard blood test" and, later that day, "the (UAB) VA Medical Center Staff Police" held him against his will).

   2. In this order, the court addresses venue *only*, and intends no suggestion that petitioner is entitled

petition may be filed in the district where the petitioner is in custody or within which the state court that ordered the petitioner's detention is located); § 1391(e)(1) (general venue statute providing that, except as otherwise provided by law, a civil action not involving real property against a federal agency may be brought in a district in which a defendant resides, a district in which a substantial part of the events or omissions occurred, or the district in which the plaintiff resides); § 1402(b) (civil actions asserting an FTCA claim against the United States may be brought "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred").

---

to habeas relief; that the transferee court must construe the petition to include constitutional, FTCA, or disability-appeal claims against the VA; or, even, that this court (or any federal district court) has jurisdiction to entertain any such claims against the VA.  The court also makes no determination that the filing fee petitioner paid to commence this habeas action ($ 5.00) is sufficient to permit him to pursue any other civil claims in this lawsuit.

4

\*\*\*

Accordingly, it is ORDERED that this action is transferred, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the Northern District of Alabama, a district in which this action could have been brought.[3]

The clerk of the court is DIRECTED to take the steps necessary to effect the transfer.

This case is closed in this court.

DONE, this the 13th day of July, 2015.

                                                   /s/ Myron H. Thompson
                                           **UNITED STATES DISTRICT JUDGE**

---

3. See 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").